THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DANIEL LYONS, Appellant.

Under the provision of the Code of Criminal Procedure (§ 528, as amended by chapter 493, Laws of 1887), directing that where a judgment on a conviction is of death, this court may, on appeal to it, order a new trial if it be satisfied that the verdict was against the weight of evidence or against law "whether any exception shall have been taken or not in the court below," the defendant cannot claim as matter of right the benefit of error occurring on the trial where no proper objection was made and no exception taken; he can only ask the court to determine on the whole case the question as to whether justice requires a new trial or not, or whether the verdict was against the weight of evidence or against law.

(Argued May 3, 1888; decided June 5, 1888.)

APPEAL from judgment of the Court of General Sessions of the city and county of New York, entered upon a verdict convicting the defendant of the crime of murder in the first degree.

The prominent point presented here was, that the evidence did not warrant a conviction for murder in the first degree, and the opinion is principally taken up with a review and consideration of the evidence; the court reaching the conclusion that it fully justified the verdict.

The following is an extract from the opinion:

"It is claimed, on the part of the defendant, that the evidence does not show the defendant guilty of murder in the first degree; and under the act of the legislature abovementioned, this court having the right to examine the record and determine upon the whole case whether the verdict was against the weight of evidence or against law, or if justice requires a new trial, we are asked to make such examination

in this case and to reverse the judgment on the ground above-mentioned.

"The case being one in which the only judgment to be pronounced upon conviction under the indictment is that of death, an appeal from such judgment makes it the duty of this court to examine with very great care and attention the whole record for the purpose of discharging the duty imposed upon us by the legislature and determining whether upon that evidence justice does require a new trial. In making that examination, for the purpose of such a determination, the statute says it is not necessary that an exception shall have been taken to any decision made by the court below. Still, as has been already said by this court, a defendant under this statute cannot here claim, as matter of right, the benefit of errors occurring on the trial where no proper objection was made and no exception taken to the decision of the court below. Such failure to make an objection and take proper exception deprives the defendant of his claim, as matter of right, to a reversal of the judgment. Under such circumstances, he can only ask that the court will determine upon the whole case the question whether justice requires a new trial or not, or whether the verdict was against the weight of evidence or against law. The court is then vested with power, in its discretion, to disregard the neglect and review the case upon the merits. (*People* v. *Driscoll*, 107 N. Y. 414.) Having the power, we have exercised it in this case and have examined fully and carefully the whole record, and we are clearly of opinion that the verdict was not against the weight of evidence or against law, and that justice does not require a new trial. On the contrary, we are fully convinced that the defendant was treated with eminent fairness throughout the whole trial, and that the verdict is in accordance with law, and that a new trial should be denied."

*Stephen S. Blake* for appellant.

*Benjamin F. Dos Passos* for respondent.

PECKHAM, J., reads for affirmance.

All concur.

Judgment affirmed.